Matter of Board of Educ. of the City Sch. Dist. of the City of N.Y. v Crooks (2019 NY Slip Op 04297)





Matter of Board of Educ. of the City Sch. Dist. of the City of N.Y. v Crooks


2019 NY Slip Op 04297


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Sweeny, J.P., Renwick, Manzanet-Daniels, Tom, Oing, JJ.


450585/16 9505 9504

[*1]In re The Board of Education of the City School District of the City of New York, Petitioner-Respondent,
v
Shelley Jones Crooks, Respondent-Appellant.


Glass & Hogrogian LLP, New York (Jordan F. Harlow of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 31, 2017, which, as modified by order, same court and Justice, entered January 16, 2018, granted the petition of the Board of Education of the City School District of the City of New York (the Board) to vacate an arbitration award and penalty, and remitted the matter to an appropriate arbitrator on the panel selected to hear cases involving allegations of teacher misconduct, unanimously affirmed, without costs.
The court correctly vacated the arbitration award in this disciplinary action involving a tenured teacher, which was subject to compulsory arbitration (see Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 567 ["judicial scrutiny is stricter (for compulsory arbitration) than for a determination rendered (after) ... voluntary arbitration"]). The record supports the court's conclusion that the Hearing Officer's opinion and award was not only irrational, but also arbitrary and capricious (CPLR 7511[b]). The administrative record supports the court's determination to sustain all four specifications in the Board's complaint, two of which were based upon respondent's 2014 conduct and statements, which threatened physical violence and placed at least one child in fear of his physical safety. The court's conclusion to uphold the third specification of misconduct was similarly appropriate because the students who were the object of respondent's 2015 racist comments could not have been "unaffected" by the statements, which were far from "benign" or "uplifting," as characterized by the arbitrator.
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK